## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## ASHLAND

**Civil Action No. 05-199-HRW**

**KATHY CALLIHAN,**                                        **PLAINTIFF,**

v.                        **MEMORANDUM OPINION AND ORDER**

**JO ANNE B. BARNHART**
**COMMISSIONER OF SOCIAL SECURITY,**              **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

### II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits on April 14, 2003, alleging disability beginning on November 28, 2002, due to deteriorating disc disease. Diabetes, high blood pressure, nerves and depression (Tr. 67-69). This application was denied initially and on reconsideration (Tr. 40-48). On November 18, 2004, an administrative hearing was conducted by

Administrative Law Judge William H. Gitlow (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 296-323). Additional medical evidence was received and a supplemental hearing was convened on April 19, 2005, wherein Melissa Glannon, a vocational expert (hereinafter "VE"), testified (Tr. 328-334).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On June 23, 2005, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 14-25).

Plaintiff was 50 years old at the time of the hearing decision (Tr. 15). She has a high school education (Tr. 15). Her past relevant work experience consists of work as a cook (Tr. 15).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 24). The ALJ then determined, at Step 2, that Plaintiff suffered from back pain, diabetes, obesity and depression, which he found to be "severe" within the meaning of the Regulations (Tr. 24). At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 24). In doing so, the ALJ specifically considered listings 12.00. 12.04, 12.08, 1.00 and 1.04 (Tr. 18-19). The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 24) but determined that she has the following residual functional capacity ("RFC"):

> [T]o lift and carry 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk six hours total during an eight-hour workday, two hours at a time. She can occasionally climb, balance, stoop, kneel, crouch, and crawl. She has moderate limitations in her ability to perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances,

> complete a normal workday and workweek without
> interruptions from psychologically based symptoms,
> perform at a consistent pace without an unreasonable
> number and length of rest periods, and respond
> appropriately to changes in the work setting. However,
> she remains capable of understanding and completing
> tasks, relating adequately and adapting to work within
> her physical parameters.

(Tr. 24).

Based upon this RFC, the ALJ, relying upon testimony of the VE, concluded that the Plaintiff could perform a significant range of light work, such as mail sorter, information clerk and mail labeler (Tr. 25, 331-332). The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 25, 331-332). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on September 23, 2005 (Tr. 5-8).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 9 and 10] and this matter is ripe for decision.

4

# III. ANALYSIS

## A.     Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence.  "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm.  *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."  *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

**B.     Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous

because: (1) the ALJ made a faulty credibility assessment and (2) the ALJ did not

properly consider the combination of her back pain, diabetes, depression,

radiculopathy and high blood pressure.

**C.     Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ made a faulty credibility

assessment.

It is well established that as the "ALJ has the opportunity to observe the

demeanor of a witness, his conclusions with respect  to credibility should not be

discarded lightly and should be accorded deference." *Hardaway v. Secretary of*

*Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987).

In this case, the ALJ found Plaintiff's credibility to be "only fair" with

regard to her allegations of disabling pain  (Tr. 20).   Subjective claims of

disabling pain must be supported by objective medical evidence. *Duncan v.*

*Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986).

In this case, they are not.  For example, the ALJ found  that no physician has ever

placed functional limitations upon Plaintiff.  To the contrary, the two medical

sources who submitted functional assessments opined that she was capable of

6

performing light level work (Tr. 21, 160-170, 321-323).   Nor has Plaintiff ever

undergone nerve conduction studies or a myelogram.  As for her allegations of

severe psychological symptoms, the record shows that Plaintiff has never been

referred to a psychiatrist or a counselor.  Based upon the record, Plaintiff's

subjective complaints do not pass *Duncan* muster.

In addition, Plaintiff's own testimony belies her allegations of disabling

pain.  For example, although she testified that she could only sit for 30 minutes at

a time, she also testified that she rode in car for 60 minutes to the November 2004

hearing without stopping (Tr. 20).

As the ALJ concluded, the record simply does not support the  severity or

degree  of pain or functional limitation alleged by Plaintiff.  As such, the Court

finds no error in the ALJ's assessment of Plaintiff's credibility and her subjective

complaints of disabling pain.

Plaintiff's second claim of error is that the ALJ did not properly consider

the combination of her back pain, diabetes, depression, radiculopathy and high

blood pressure.   The Court disagrees.  In his decision, the ALJ specifically

discussed these impairments (Tr. 15-18).   The ALJ explicitly stated that he

reviewed them individually as well as "in combination" (Tr. 18, 19).

As the Defendant points out, such articulations have been found to be sufficient

7

upon review. *See Gooch v. Secretary of Health and Human Services*, 833 F.2d 589, 592 (6th Cir. 1987).   Therefore, the Court finds no error in this regard.

Finally, as for Plaintiff's remark that if not reversed, this case should be remanded for the taking of additional evidence, it, too, lacks merit.  First, Plaintiff does not specify what additional evidence should be considered.  Nor does Plaintiff allege that the record was incomplete, inadequate or otherwise deficient. Rather, her only contention is that the ALJ did not adequately determine the issues.  However, the Court having reviewed the ALJ's decision as well as the record in this case, finds that the ALJ's decision is supported by substantial evidence on the record.

### III. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will be entered contemporaneously herewith.

This  *19*  day of July, 2006.

Henry R. Wilhoit, Jr., Senior Judge

8